UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANET GALARZA and MARTHA LORENTTI,<br><br>              Plaintiffs,<br><br>-against-<br><br>CONCEPTS OF INDEPENDENCE, INC.,<br><br>              Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs YANET GALARZA and MARTHA LORENTTI, by and through counsel, allege upon information and belief, except as to the allegations that pertain to Plaintiffs which are alleged upon personal knowledge, as follows:

## INTRODUCTION

1. This action arises out of violations by Defendant CONCEPTS OF INDEPENDENCE, INC. ("Defendant") of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), including its failure to pay Plaintiffs YANET GALARZA and MARTHA LORENTTI ("Plaintiffs") for all hours worked at the legally required minimum hourly wage rates and for their failure to pay them federally and state mandated overtime.

2. Plaintiffs bring this action to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiffs of their lawful minimum and overtime wages.

3. Plaintiffs also bring this action for unpaid minimum and overtime wages pursuant to NYLL §§ 650 *et seq* and implementing regulations.

4. Plaintiffs hereby seek legal and declaratory relief against Defendant pursuant to federal and New York statutes.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district in that their principal place of business is located in this district and because Plaintiffs labored for Defendant in this judicial district.

## THE PARTIES

8. Plaintiff YANET GALARZA is a resident of Queens County in the State of New York. Defendant employed Plaintiff GALARZA from in or around May of 2005 to in or around January of 2017.

9. Plaintiff MARTHA LORENTTI is a resident of Queens County in the State of New York. Defendants employed Plaintiff LORENTTI from in or around October 2010 until the present.

10. At all times relevant to this Complaint, Plaintiffs were employees of Defendant within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 651.

11. At all times relevant to this Complaint, Defendant employed Plaintiffs within the meaning of the FLSA and NYLL.

12. Defendant is incorporated in the state of New York with its principal place of business located at 120 Wall Street, 9th Floor, New York, New York.

13. Defendant provides personal assistance and home healthcare services to disabled and/or chronically ill individuals throughout metropolitan New York City and surrounding areas.

14. At all times relevant to this action, Defendant was an enterprise engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00, and Plaintiffs and others worked for Defendant in interstate commerce using the mails and wires, *inter alia*.

15. At all times relevant to this action, Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

## STATEMENT OF FACTS

16. Defendant at all relevant times herein employed Plaintiffs as personal assistants/home health aides to work in and around New York City providing personal assistance and home healthcare to Defendant's disabled and/or chronically ill clients.

17. Plaintiffs worked for Defendant at various times between 2005 and the present in the residences of Defendant's clients throughout the metropolitan area.

18. The job duties of Plaintiffs as personal assistants/home health aides included but were not limited to household chores, meal preparation, hygiene assistance, personal healthcare and running errands for the persons to whom Defendant assigned them ("consumer" or "client").

19. Plaintiffs were responsible for all aspects of their assigned consumers' welfare, including but not limited to providing companionship, preparing meals, assisting in toileting and grooming, administering medication, accompanying their assigned consumers on outings to shops or other trips or errands, laundering, and house cleaning. These services were mostly provided in the homes of Defendant's consumers.

20. Plaintiffs were usually assigned to work two (2) or five (5) consecutive twenty-four (24) hour shifts per week. Thus, Plaintiffs regularly worked between forty-eight (48) and one hundred twenty (120) hours per week. During the entire forty-eight (48) or one hundred twenty (120) hours, Defendant required Plaintiffs to remain with their consumers.

21. Plaintiffs do not "live on the premises of their employer." Therefore, Plaintiffs are not "residential employees" as defined by 12 N.Y.C.R.R. § 142-2.1(b).

22. Moreover, Plaintiffs each maintain their own residences and do not reside in the homes of Defendant's consumers.

23. While working their twenty-four (24) hour shifts, Defendant required Plaintiffs to stay overnight at the residences of Defendant's clients and monitor and attend to them, throughout their shifts. These shifts were known as "live in" or "sleep in."

24. While employed by Defendant, Plaintiffs regularly worked between forty-eight (48) and one hundred twenty (120) hours per week, and on occasion more, on information and belief. During said time, Defendant prohibited Plaintiffs from leaving their assigned client(s) and required them to constantly attend to their client(s).

25. During every minute of their assigned shifts, Defendant controlled the activities in which Plaintiffs were allowed to engage.

26. During their entire shifts, Plaintiffs were not free to leave their places of employment during their entire forty-eight (48) to one hundred twenty (120) hours of work.

27. Plaintiffs were responsible for providing care for their assigned consumers when they woke up during the nighttime, which regularly happened at least three (3) times per night.

28. Plaintiffs were regularly disturbed during their sleep and had to assist in toileting, administering medication, and/or monitoring medical conditions.

29. Plaintiff Galarza generally worked one hundred twenty (120) hours per week, in five (5) consecutive twenty-four (24) hour shifts, from Tuesday 7 PM until Sunday 7 PM.

30. Defendants paid Plaintiff Galarza for only between sixty (60) hours and sixty-five (65) hours of the one hundred twenty (120) hours she worked.

31. Defendants paid Plaintiff Galarza an hourly rate of between $10.00 and $11.00 per hour.

32. Despite the regular work that Plaintiff Galarza performed during the nighttime, she was only paid approximately $140.00 for her entire 24-hour shifts, or approximately $5.83 per hour.

33. Plaintiff Lorentti generally worked forty-eight (48) hours per week, in two (2) consecutive twenty-four (24) hour shifts, from Sunday 7 PM until Tuesday 7 PM.

34. Defendants paid Plaintiff Lorentti for only between twenty-four (24) hours and twenty-six (26) hours of the forty-eight (48) hours she worked.

35. Defendants paid Plaintiff Lorentti an hourly rate of $10.00 per hour.

36. Despite the regular work that Plaintiff Lorentti performed during the nighttime, she was only paid approximately $125.00 for her entire 24-hour shifts, or approximately $5.21 per hour.

37. At the beginning and end of each of the Plaintiffs' work shifts, Defendant required them to place a telephone call to the Defendant's automated time keeping system to record their hours. Defendant did not pay Plaintiffs for all recorded time and/or hours worked.

38. Defendant at all times herein relevant failed to make and keep contemporaneous records of all of Plaintiffs' work hours, including but not limited to alleged sleep and meal periods, in violation of 29 U.S.C. § 211(c) and the NYLL § 196-a.

39. Throughout their respective tenures, Plaintiffs rarely if ever received uninterrupted, continuous, and completely-relieved-of-duty sleeping and meal periods because they assisted, monitored, rotated, toileted and responded to their assigned clients throughout their shifts, including during alleged sleeping and meal periods.

40. At all relevant times, even though Plaintiffs regularly worked through the night and did not receive five (5) hours uninterrupted sleep, Defendant automatically deducted from Plaintiffs' wages eight (8) hours per day for alleged sleep time and three (3) hours per day for alleged meal periods, without regard to whether Plaintiffs in fact worked through said time periods.

41. At all relevant times, as a result of the foregoing, Defendant often paid Plaintiffs at rates well below the minimum wage, in violation of the FLSA and NYLL.

42. At all relevant times, Defendant failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) per week, in violation of the overtime provisions of the FLSA and NYLL.

43. Defendant's recordkeeping practices violated the FLSA and NYLL and the burden should shift to Defendant to prove it paid fully all personal assistants/home health aides the minimum wage and overtime.

44. As certified personnel, Plaintiffs were trained personnel providing medically related services as defined in 29 C.F.R. § 552.6. As such, Plaintiffs were exempt from coverage under the "companionship" exemptions to the FLSA, 29 U.S.C. § 213(a)(15) or NYLL § 651.

45. The work performed by Plaintiffs was non-exempt as defined by the FLSA and the NYLL and its implementing regulations.

46. Plaintiffs are not *companions* as defined by 12 N.Y.C.R.R. § 142-2.14 because they do not live in the homes of their employers. Moreover, providing companionship is only incidental to the many duties that they perform, which include housekeeping.

47. Plaintiffs were neither responsible for, nor allowed to make, relevant decisions regarding policy, procedures, or protocol. Plaintiffs were subject to the control, policies, and procedures of Defendant in making decisions in the course of their employment.

48. Defendant monitored Plaintiffs' compliance with their guidelines, procedures, and policies by periodically reviewing their work performance, and by sending supervisors and individuals from management to periodically observe them.

49. When divided by the number of hours worked per week, the hourly rates Defendant paid Plaintiffs regularly amounted to less than the minimum wage.

50. Plaintiffs were and are entitled to be paid the greater of one and half times the minimum wage or their regular rates of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to the FLSA and/or the NYLL and its implementing regulations.

51. Defendant failed to pay Plaintiffs an extra hour of pay at the minimum wage rate for each day that their workday ended more than ten (10) hours after it began (spread of hours pay) as required by the NYLL and its implementing regulations.

52. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

53. Defendant failed to provide Plaintiffs with the notices required by NYLL §195(1).

54. Defendant violated NYLL § 195(3) by failing to furnish Plaintiffs with a statement with every payment of wages, listing, among other things, all hours worked, rates paid, gross wages, deductions, and net wages.

55. At all relevant times, Defendant failed to post and/or keep posted in places regularly assessable to Plaintiffs "a notice issued by the Department of Labor summarizing minimum wage provisions," in violation of 12 N.Y.C.R.R. §142-2.8.

56. Defendant's posting, wage statement, and notice violations prevented Plaintiffs from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

57. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

58. Defendant's unlawful conduct has been widespread, repeated and consistent even after litigation on the exact same issue; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

## FIRST CAUSE OF ACTION
### (Minimum Wage Violations of the FLSA)

59. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

60. Throughout the statute of limitations period covered by these claims, Plaintiffs were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

61. Throughout the statute of limitations period covered by these claims, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

62. Throughout the statute of limitations period covered by these claims, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

63. Throughout the statute of limitations period covered by these claims, Defendant has had annual gross revenues in excess of $500,000.

64. Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto as Exhibit A and incorporated by reference herein.

65. Throughout the statute of limitations period covered by these claims, Defendant violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiffs, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiffs at the required minimum wage for each hour worked.

66. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiffs at the federally mandated minimum wage for all hours worked. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a).

67. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

68. As a result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by being denied pay at the federally required rate for all of their hours worked in an amount to be determined at trial and are therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Overtime Violations of the FLSA)

69. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

70. Throughout the statute of limitations period covered by these claims, Plaintiffs were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

71. Throughout the statute of limitations period covered by these claims, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

72. Throughout the statute of limitations period covered by these claims, Defendant has been, and continues to be, an "employer" and/or joint employers engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

73. Throughout the statute of limitations period covered by these claims, Defendant violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiffs, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiffs at the required overtime rates for each hour worked above forty (40) per workweek.

74. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiffs the federally mandated overtime wages for all hours worked above forty (40) per workweek. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207 and 215(a).

75. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

76. As a result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by being denied pay at the federally required rates for all of their overtime hours worked in an amount to be determined at trial and are therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
**New York Labor Law, Article 19: Minimum Wages and Overtime Wages**

77. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

78. At all times relevant hereto, Plaintiffs were "employees" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

79. At all times relevant hereto, Defendant was an employer within the meaning of N.Y. Lab. Law § 650(6).

80. It is unlawful under the NYLL law for an employer to suffer or permit a non-exempt employee to work without paying the required minimum wage rates for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

81. At all relevant times hereto, Defendant willfully, regularly, repeatedly and knowingly violated the Plaintiffs' rights by failing to pay them compensation at the required minimum wage rates for all hours worked as well as overtime compensation at the required overtime rates for hours worked in excess of forty (40) hours per workweek, in violation of the NYLL and its regulations.

82. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings, in an amount to be established at trial.

83. Also as detailed above, Defendant's actions were willful.

84. Due to Defendant's NYLL violations, Plaintiffs seek damages in the amount of their respective unpaid minimum wages, their unpaid wages, their unpaid overtime compensation, pre-judgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**New York Labor Law, Articles 6 and 19—Spread of Hours Pay**

85. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

86. At all relevant times hereto, Defendant failed to pay Plaintiffs an additional hour's pay at the basic minimum hourly wage rate for each day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, in violation of N.Y. Lab. Law § 190, *et seq.*, and 650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

87. Due to Defendant's violations of the NYLL, Plaintiffs are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**Notice Violations:  New York Labor Law § 195(1)**

88. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

89. Effective April 9, 2011, the NYLL was amended to require employers to provide each employee with a written notice "at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer." N.Y. Lab. Law § 195(1) (2010).

90. Among other required information the notice must include the employee's "regular hourly rate and overtime rate of pay" where the employee, such as Plaintiffs, are entitled to overtime pay under the laws and regulations of New York.

91. Defendant never provided Plaintiffs with a written notice that accurately stated their "regular hourly rate and overtime rate of pay."

92. From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide this required notice was $50.00 per week up to a maximum of $2,500.00. N.Y. Lab. Law § 198(1-b) (2010).

93. Effective December 29, 2014, the NYLL was amended to remove the requirement that the notice required by section 195(1) of the NYLL be provided on a yearly basis.

94. However, the penalties were increased. Effective February 27, 2015, the penalty for not providing a written notice when the employee was hired was increased to $50.00 *per workday* with a maximum penalty of $5,000.00. N.Y. Lab. Law § 198(1-b) (2014).

95. Plaintiffs seek the statutory penalty with costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**
**Notice Violations: New York Labor Law § 195(3)**

96. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

97. Effective April 9, 2011, the NYLL was amended to specify the information that an employer must furnish with each payment of wages. N.Y. Lab. Law § 195(3) (2010).

98. From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide the wage statement required by section 195(3) of the NYLL was $100.00 per week up to a maximum of $2,500.00. N.Y. Lab. Law § 198(1-d) (2010). This penalty was increased effective February 27, 2015, to $250.00 *per workday* with a maximum penalty of $5,000.00. N.Y. Lab. Law § 198(1-b) (2014).

99. Defendant has willfully failed to supply Plaintiffs with an accurate statement of wages as required by NYLL § 195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; <u>the number of hours worked</u>, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

100. Plaintiffs seek the statutory penalty together with costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for relief as follows:

(a) An award of damages, according to proof, including FLSA liquidated damages, and interest, to be paid by Defendant;

(b) An award of damages to Plaintiffs for violations of the NYLL, including statutory damages and NYLL liquidated damages;

(c) Costs of action incurred herein, including expert fees;

(d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(e) Pre-Judgment and post-judgment interest, as provided by law; and

(f) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: April 5, 2017     Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
Julie Salwen, Esq.
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorneys for Plaintiffs*

# EXHIBIT "A"

I am a current or former employee of Concepts of Independence, Inc., and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 21 day of Marzo, 2017.

_____
Signature

YANET GALARZA
Full Legal Name (print)

I am a current or former employee of Concepts of Independence, Inc., and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 21 day of Marzo, 2017.

_Martha Lorentti_
Signature

MARTHA C. LORENTTI
Full Legal Name (print)